IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11355
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON WARREN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-61-1-Y
- - - - - - - - - -
July 3, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Leon Warren appeals his conviction and sentence for distribution of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B). We affirm. Facts contained in dismissed indictment counts may be used in determining relevant conduct. U.S.S.G. § 6B1.2(a); United States v. Vital, 68 F.3d 114, 118 (5th Cir. 1995). The district court's failure to hold that the Double Jeopardy Clause was violated by the use of the dismissed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counts to determine relevant conduct was not plain error.  See Witte v. United States, 115 S. Ct. 2199, 2207-08 (1995).  The district court did not commit clear error by failing to give Warren a downward departure based upon a mitigating role in the offense.  See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994).  Warren waived his right to challenge the district court's summary dismissal of his motion to dismiss for selective prosecution by entering an unconditional guilty plea.  See United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991).

AFFIRMED.